IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------- X
                                                                    :
NIFTY CORPORATION,                                                  :
                                                                    :
                                        Plaintiff,                  :   AMENDED COMPLAINT
                                                                    :   AND JURY DEMAND
                                                                    :
                    -against-                                       :
                                                                    :
BUZZFEED, INC.,                                                     :   16 Civ. 03738 (AT)
                                                                    :
                                                                    :
                                        Defendant.                  :
                                                                    :
------------------------------------------------------------------- X
```

Plaintiff Nifty Corporation ("Nifty") alleges as follows for its Amended Complaint against BuzzFeed, Inc. ("BuzzFeed"):

## THE PARTIES

1. Plaintiff is a corporation of Japan, with its principal office in Tokyo, Japan.

2. Upon information and belief, BuzzFeed is a corporation organized and existing under the laws of Delaware, with a principal place of business at 111 E. 18th Street, New York, NY 10003.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement and unfair competition arising under 15 U.S.C. §§ 1114 & 1125(a). The Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 over the First and Second Claims for Relief for federal trademark infringement and unfair competition because the claims arise under the federal Lanham Act. This Court has jurisdiction over the Third Claim under New York common law

under 28 U.S.C. § 1338(b) because this claim is joined with a substantial and related claim under the Lanham Act and under 28 U.S.C. § 1367 as a matter of supplemental jurisdiction.

4. This Court has personal jurisdiction over defendant BuzzFeed at least because BuzzFeed has its principal office in this district and operates webpages accessible in this district that infringe Nifty's trademarks and are likely to cause confusion among consumers located in this district.

5. Venue is proper in this district under 28 U.S.C. § 1391 at least because BuzzFeed has its principal office in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

6. Nifty is a major Internet service provider in Japan and has operated a website branded "@NIFTY" at http://www.nifty.com since 1999 (the "@Nifty Website"). That website is, and has been since 1999, accessible on the Internet throughout the United States.

7. Consumers in the United States have accessed the @Nifty Website since 1999 and have become familiar with the mark @NIFTY as a mark identifying content from Nifty.

8. On April 28, 2000, Nifty filed a trademark application to register @NIFTY for goods and services in six classes, i.e., in classes 9, 35, 36, 38, 41 and 42. That application was registered on September 21, 2004, as United States Trademark Registration No. 2,885,530 (the "Registration"), based on use in commerce of the mark in the United States. A copy of the Registration is attached as Exhibit A.

9. Nifty has twice, in 2010 and 2013, submitted proof of use of the mark in those classes, which proof has been accepted by the United States Patent and Trademark Office. The Registration remains in full force and effect.

10. Since 2010, the Registration has been incontestable.

11. The Registration includes a variety of topics related to Do-It-Yourself ("DIY"), arts and crafts, kitchen and garden projects, including the following services in Class 41:

> educational services, namely, … conducting on-line exhibitions, displays, and interactive exhibits, in the fields of …, cosmetics, nails and manicures, … skin care, table arrangement, cooking, … cooking pans, sugary foods, arts and crafts, …, pictures, pastels, copperplate engraving, ceramic tiles, painting tableware, oil painting, watercolor painting, …, gift wrapping, stained glass, balloon art, hats, Hawaiian quilts, ceramic art, corsage, yarn and fabric dyeing, leather craft, egg art, …, flower gardening, potted plants, bouquets, flower arrangement, vegetable gardening, dried flowers, pressed flowers, ….

12. Content relevant to those topics has appeared on the @Nifty Website.

13. BuzzFeed has recently begun operating webpages on Facebook and Pinterest that are prominently branded NIFTY (the "BuzzFeed Webpages").

14. The BuzzFeed Webpages feature content relating to DIY, arts and crafts, kitchen, garden and self-improvement topics within the scope of, or otherwise related to, the content covered by the Registration and the content appearing on the @Nifty Website.

15. BuzzFeed's conduct in operating the BuzzFeed Webpages is likely to cause confusion, mistake or deception among a significant portion of the public to the detriment of Nifty's prior rights in @NIFTY.

16. On or about March 15, 2016, Nifty directed a cease and desist letter to BuzzFeed, describing Nifty's prior rights and the injury being done to those rights by BuzzFeed's conduct.

17. Notwithstanding such letter, BuzzFeed has continued its conduct, which has been willful at least from the date of receipt of Nifty's letter.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Under 15 U.S.C. § 1114)**

18. Nifty realleges and incorporates by reference the allegations set forth in paragraphs 1-17 as though fully set forth herein.

19. The BuzzFeed Webpages infringe Nifty's rights under the Registration, including because relevant persons are likely to be confused as to the origin or affiliations of the BuzzFeed Webpages.

20. As a direct and proximate consequence of BuzzFeed's infringement of the Registration, Nifty has suffered, and will continue to suffer, substantial damages in an amount not yet ascertained but to be proven at trial.

21. As a result of BuzzFeed's infringement, Nifty has suffered and continues to suffer irreparable injury, for which Nifty has no adequate remedy at law.  Unless BuzzFeed is restrained by this Court from continuing its infringement in violation of 15 U.S.C. § 1114, these injuries will continue to accrue.  Pursuant to 15 U.S.C. § 1116, Nifty is entitled to preliminary and permanent injunctive relief against BuzzFeed's infringement.

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition Under 15 U.S.C. § 1125(a))**

22. Nifty realleges and incorporates by reference the allegations set forth in paragraphs 1-17 as though fully set forth herein.

23. The BuzzFeed Webpages constitute unfair competition under 15 U.S.C. § 1125(a), including because relevant persons are likely to be confused, mistaken or deceived as to the origin or affiliations of the BuzzFeed Webpages and/or the @Nifty Website.

24. As a direct and proximate consequence of BuzzFeed's unfair competition, Nifty has suffered, and will continue to suffer, substantial damages in an amount not yet ascertained but to be proven at trial.

25. As a result of BuzzFeed's unfair competition, Nifty has suffered and continues to suffer irreparable injury, for which Nifty has no adequate remedy at law. Unless BuzzFeed is restrained by this Court from continuing its unfair competition in violation of 15 U.S.C. § 1125, these injuries will continue to accrue. Pursuant to 15 U.S.C. § 1116, Nifty is entitled to preliminary and permanent injunctive relief against BuzzFeed's unfair competition.

### THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Unfair Competition)**

26. Nifty realleges and incorporates by reference the allegations set forth in paragraphs 1-17 as though fully set forth herein.

27. The BuzzFeed Webpages constitute trademark infringement and/or unfair competition actionable under the common law, violative of Nifty's rights, including because relevant persons are likely to be confused, mistaken or deceived as to the origin or affiliations of the BuzzFeed Webpages and/or the @Nifty Website.

28. As a direct and proximate consequence of BuzzFeed's trademark infringement and unfair competition, Nifty has suffered, and will continue to suffer, substantial damages in an amount not yet ascertained but to be proven at trial.

29. As a result of BuzzFeed's infringement and unfair competition, Nifty has suffered and continues to suffer irreparable injury, for which Nifty has no adequate remedy at law. Unless BuzzFeed is restrained by this Court from continuing its infringement and unfair competition, these injuries will continue to accrue. Nifty is entitled to preliminary and permanent injunctive relief against BuzzFeed's infringement and unfair competition.

**JURY DEMAND**

Plaintiff requests a jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Nifty respectively requests the following relief from this Court:

a. A finding that BuzzFeed's use of its NIFTY mark is likely to cause confusion, mistake or deception with Nifty's @Nifty mark and Registration;

b. A finding that BuzzFeed has infringed Nifty's rights under its Registration and common law;

c. A finding that BuzzFeed has committed unfair competition within the meaning of 15 U.S.C. § 1125(a) and common law;

d. An injunction enjoining BuzzFeed and its officers, agents, servants, employees, affiliates, customers, attorneys and all persons in active concert or participation with it, from any further acts of infringement, unfair competition or deceptive practices with respect to Nifty;

e. A judgment against BuzzFeed awarding Nifty all damages proven at trial, an appropriate enhancement and punitive damages;

f. An award of interest on the damages awarded in this action;

g. An award of costs incurred in this action; and

h. An award of attorneys' fees to the extent allowed by statute, including, without limitation, 15 U.S.C. § 1117.

Dated: August 9, 2016
New York, New York

                                              Respectfully submitted,

                                              CURTIS, MALLET-PREVOST,
                                                 COLT & MOSLE LLP

                                             By:/s/*Turner P. Smith*
                                                 Turner P. Smith
                                           101 Park Avenue
                                           New York, New York  10178
                                           (212) 696-6000
                                           tsmith@curtis.com

                                           *Attorneys for Nifty Corporation*

                                           and

                                           William J. Utermohlen
                                           James A. Oliff
                                           OLIFF, PLC
                                           277 South Washington Street
                                           Suite 500
                                           Alexandria, VA 22314
                                           (703) 836-6400
                                           wutermohlen@oliff.com